UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN KLEMONSKI,   : | |
| Plaintiff,   : | |
| : | PRISONER |
| v.   : | CASE NO. 3:09-cv-1611 (VLB) |
| : | |
| SCOTT SEMPLE, et al.,   : | |
| Defendants.   : | |

## INITIAL REVIEW ORDER

Plaintiff, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names two defendants: Warden Scott Semple and Dr. Craig Burns.

The court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff checked the space on the complaint form indicating that he asserts claims for violation of his rights under 42 U.S.C. §§ 1983, 1985 and 1986. See Compl. at 2.  In the description of his claims, he asserts claims relating to the denial of Transitional Supervision and disclosure of medical information without consent.  The Court first considers the specific claims pursuant to section 1983, then addresses whether plaintiff states cognizable claims pursuant to sections 1985 and 1986.

### Section 1983 Claim Regarding Transitional Supervision

Plaintiff alleges that he was approved for "Transitional Supervision of early release" while at three other correctional facilities.  On September 29, 2009, at Garner Correctional Institution, defendant Semple denied Transitional Supervision because of a criminal history of domestic violence.  Plaintiff alleges that the domestic violence cases were nolled and he was not convicted of

domestic violence.

Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006).  Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds by Porter v. Nussle, 534 U.S. 516 (2002).

Failure to exhaust administrative remedies is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  However, the court may dismiss a complaint for failure to state a claim where the allegations in the complaint establish that the inmate failed to exhaust his administrative remedies before filing suit.  See id.

Transitional Supervision denials are automatically reviewed by the appropriate District Administrator.  The inmate is not required to file an appeal.  See Department of Correction Administrative Directive 9.6, Section 7,[1]

www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (last visited Oct. 27, 2009).  Plaintiff alleges that defendant Semple denied him Transitional Supervision on September 29, 2009.  The complaint is dated the same day and the verification of funds in his

---

[1]The Court takes judicial notice of the Connecticut Department of Correction Administrative Directives.  See Christman v. Skinner, 468 F.2d 723, 726 (2d Cir.1972) (proper for trial court to take judicial notice of state prison regulations); see also United States v. Penn Foundry & Mfg. Co., 337 U.S. 198, 215 (1949) (Douglas, J., concurring) (official communications disclosing policy, such as reports, rules and regulations of an agency, are reliable and authoritative and need not be proven).

inmate account, included in the motion to proceed in forma pauperis, is dated September 30, 2009. The court assumes that plaintiff filed this action on September 30, 2009.[2] The Court can discern no way that the appeal of the denial could have been concluded before plaintiff filed this action.

The Second Circuit has cautioned the district courts not to dismiss a case sua sponte for failure to exhaust administrative remedies without first ensuring that plaintiff has notice and an opportunity to be heard. See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007); Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, plaintiff is directed to show cause why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action. Within twenty-one days from the date of this order, plaintiff shall submit evidence showing that the automatic appeal of the denial of Transitional Supervision concluded before September 30, 2009. Failure to provide this evidence of complete exhaustion will result in the dismissal of this action.

### Section 1983 Claim Regarding Medical Information

Plaintiff alleges that, on November 17, 2008, defendant Burns "altered and

---

[2] Prisoner complaints are deemed filed on the day they are given to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

obtained/disclosed medical information without consent violating the HIPAA [Health Insurance Portability and Accountability Act] waiver." Based on this information, defendant Burns raised plaintiff's mental health score.

When determining whether a statutory violation may be enforced through a section 1983 action, the court must consider whether the statute creates a private right.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002) (applying to section 1983 cases the same initial inquiry as in implied right of action cases, namely, whether the statute confers a right upon a particular class of persons).  Courts considering this question repeatedly have held that HIPAA does not confer a private right.  See, e.g., Adams v. Eureka Fire Protection Dist., No. 09-1315, 2009 WL 3352032, at *1 (8th Cir. Oct. 20, 2009) (citing cases); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006) (per curiam); Williams v. Perlman, No. 9:06-CV-00936 (GLS/DEP), 2009 WL 1652193, at *15 (N.D.N.Y. Feb. 5, 2009).  Because HIPAA does not confer an express or implied right, plaintiff has no HIPAA rights to enforce in a section 1983 action.  Accordingly, all HIPAA claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Respecting Burns' alleged use of plaintiff's medical information to increase his mental health score, the Court notes the Department of Corrections' policy which provides that inmate needs, including medical and mental health needs are assessed upon admission and reviewed periodically.  See Department of Correction Administrative Directive 9.2, sections 8(B) and 10, www.ct.gov/doc/LIB/doc/PDF/AD/ad0902.pdf  (last visited Oct. 27, 2009).  A

5

change a in mental health score reflects the doctor's view of the level of treatment an inmate requires and which the Department of Correction is obliged to provide.  Thus, the court considers whether such a change is cognizable as a claim for deliberate indifference to serious mental health needs.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  To prevail on such a claim, plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  <u>See Id.</u> at 104-06.

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."  <u>Smith v. Carpenter</u>, 316 F.3d 178, 184 (2d Cir. 2003).  Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," <u>id.</u>; rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act."  <u>McCloud v. Delaney</u>, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing <u>United States ex rel. Hyde v. McGinnis</u>, 429 F.2d 864 (2d Cir. 1970)).

Inmates do not have a constitutional right to the treatment of their choice.  <u>Dean v. Coughlin</u>, 804 F.2d 207, 215 (2d Cir. 1986).  Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  "So long as the treatment given is

**6**

adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

Plaintiff alleges only that defendant Burns changed his mental health needs score. He does not allege that the mental health treatment provided was inadequate or identify any conduct that would shock the conscience or rise to the level of a barbarous act. The fact that plaintiff might prefer a different score does not rise to the level of a constitutional violation. The Court concludes that plaintiff fails to allege any facts to support a plausible Eighth Amendment claim for deliberate indifference to serious mental health needs. Accordingly, this claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## Claims Pursuant to 42 U.S.C. §§ 1985, 1986 and 1988

Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings. Thus, the first two subsections of 42 U.S.C. § 1985 are inapplicable to this action.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this provision, plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal

protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007), rev'd on other grounds, Ashcroft v. Iqbal,  ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  Importantly, plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  Id.  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).

Plaintiff alleges no facts indicating that the defendants were part of a conspiracy or suggesting that the actions of any defendant were taken because of his race or other discriminatory animus.  Nor does he include facts to support an equal protection claim.  Thus, he fails to state a claim cognizable under section 1985(3).  The section 1985 claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1986 provides relief only if the wrongs referenced in section 1985 actually are committed.  See 42 U.S.C. § 1986.  In other words, "a § 1986 claims must be predicated on a valid § 1985 claim."  Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) (internal quotation marks and citation omitted), overruled in part on other grounds by, Gonzaga Univ. v. Doe, 536 U.S. 273 (2002).  Because the court has dismissed plaintiff's section 1985 claim, the section 1986 claim must be dismissed as well pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendant Burns and all claims pursuant to 42 U.S.C. §§ 1985 and 1986 are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     Plaintiff shall submit a notice within twenty-one (21) days from the date of this order demonstrating that he exhausted his institutional remedies prior to commencing this action.  That is, he shall present evidence showing that the automatic appeal of the denial of Transitional Supervision concluded before September 30, 2009.  Failure to provide this evidence of complete exhaustion within the time provided will result in the dismissal of this action.

IT IS SO ORDERED.

/s/
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut this 19th  day of May 2010.