UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN KLEMONSKI,                :
        Plaintiff,              :
                                :       PRISONER
    v.                          :       CASE NO. 3:09-cv-1611 (VLB)
                                :
SCOTT SEMPLE, et al.,           :
        Defendants.             :

# RULING AND ORDER

The Plaintiff, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint pro se under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 (2000). He named two defendants: Warden Scott Semple and Dr. Craig Burns. On May 19, 2010, the Court dismissed all claims against defendant Burns and all claims filed pursuant to 42 U.S.C. §§ 1985, 1986 and 1988.

The remaining claim in this action is that Defendant Semple improperly denied the Plaintiff transfer to "Transitional Supervision of early release." In accordance with the Second Circuit's direction that the district court not dismiss a case sua sponte for failure to exhaust administrative remedies without first ensuring that the Plaintiff has notice and an opportunity to be heard, see Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007), the Court ordered the plaintiff to show cause why his claim should not be dismissed for failure to exhaust administrative remedies. See Doc. #4. The Court instructed the Plaintiff to submit evidence showing that the automatic appeal of the denial of Transitional Supervision was

concluded before September 30, 2009.

The Plaintiff submitted his response to the Court's order on May 28, 2010. He reiterates his claims that Defendant Semple denied him transfer to Transitional Supervision as a result of a history of domestic violence. The Plaintiff states that he filed a grievance on this issue that was not heard. Although he was transferred to a half-way house, the Plaintiff was returned to prison after approximately one month. The plaintiff states that he obtained further documentary evidence regarding the denial of Transitional Supervision but, when he returned, his legal materials were not transported with him and were lost. The Plaintiff also states that the correctional staff will not make copies for him so he cannot submit "inmate request relating to T.S. from Warden Semple and DOC staff." [Doc. #5, pg. 2].

As the Court previously explained, prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. See Woodford v. Ngo, 548 U.S. 81, 85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds by Porter v. Nussle, 534 U.S. 516 (2002).

The Court previously noted that Transitional Supervision denials are automatically reviewed by the appropriate District Administrator. The inmate is not required to file an appeal. See Department of Correction Administrative

Directive 9.6, Section 7, www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (last visited July 6, 2010). To have exhausted his administrative remedies, however, the automatic appeal would have to have been concluded before the Plaintiff filed this action. Thus, the Court ordered the Plaintiff to provide evidence that the automatic appeal was concluded by September 30, 2009, the day after the Transitional Supervision was denied and the day on which he gave his complaint to prison officials to be mailed to the Court.[1]

The Plaintiff has not complied with this order. The Plaintiff states that he has compiled additional evidence regarding the denial of Transitional Supervision but that he has been unable to submit copies. The Court previously instructed the Plaintiff that the required evidence is the date the automatic appeal was concluded. The Plaintiff need not submit copies of grievances or of the inmate requests that he sent to prison officials. As the plaintiff has not indicated the date that the automatic appeal was concluded, he has not shown that he exhausted his administrative remedies before filing this action.

Accordingly, the complaint is DISMISSED for failure to exhaust administrative remedies before commencing this action.[2] Any appeal of this

---

[1]Prisoner complaints are deemed filed on the day they are given to prison officials for mailing to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

[2]The Court notes that the plaintiff has included this same claim in a new lawsuit filed in June 2010. See Klemonski v. Dagostine, et al., No. 3:10cv913(VLB). The Court will review the merits of the claim in that case.

order would not be taken in good faith.

      The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

                                            /s/
                             Vanessa L. Bryant
                             United States District Judge

Dated at Hartford, Connecticut:  July 20, 2010.